UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TYSHAWN RIDDICK,

                              Plaintiff,

        -against-

CHRISTINE,

                              Defendant.
----------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-04277 (JMA)(JMW)

**AZRACK, District Judge:**

On July 20, 2021, incarcerated *pro se* plaintiff Tyshawn Riddick ("Plaintiff") commenced this action against Christine ("Christine" or "Defendant") pursuant to 42 U.S.C. § 1983 ("Section 1983") but did not remit the filing fee or file an application to proceed *in forma pauperis* and Prisoner Litigation Authorization form ("PLRA"). Accordingly, by Notice of Deficiency also dated July 20, 2021, Plaintiff was instructed to either remit the filing fee or to complete and return the enclosed *in forma pauperis* application and PLRA within fourteen (14) days. On August 4, 2021, Plaintiff timely filed an application to proceed *in forma pauperis* and the PLRA. For the reasons that follow, the application to proceed *in forma pauperis* is granted. However, the Court *sua sponte* dismisses the complaint for failure to state a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

**I. BACKGROUND[1]**

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and is brief. Plaintiff alleges that, on August 23, 2019 while at a friend's apartment located in Riverhead, New York, he was shot in the leg. Plaintiff alleges that the lock to the main door at

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

the apartment complex was broken and alleges that the manager, Christine, failed to maintain the door lock and, as such, allowed for the shooter to enter the building. (Compl. ¶ II.) Plaintiff further alleges that there were several complaints made to the manager and the apartment complex office to fix the lock. (Id. at 5.) Accordingly, Plaintiff claims that Christine was "negligent in maintaining the main door to the Apt. and that caused me to get seriously injured." (Id.) For relief, Plaintiff seeks to recover a damages award in the sum of $2 million.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of Plaintiff's declarations in support of the application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief

that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.       Section 1983**

Plaintiff's claim is brought pursuant to § 1983, which requires that: (1) the conduct challenged must have been "committed by a person acting under color of state law" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal citation and quotation marks omitted); and (2) the conduct complained of "must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. As the Court can best discern from Plaintiff's allegations, Christine is a private person who is alleged to be a manager at the apartment complex at issue. (See Compl. at 2, 4-5.)

It is well-established that Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). A plaintiff, however, can establish that a private actor was acting under color of state law by proving either: "(1) the existence of joint activity between the private actor and the state or its agents, or (2) a conspiracy between the state or its agents and the private actor." Young v. Suffolk Cnty., 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013). "To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party

3

must agree to deprive the plaintiff of rights guaranteed by federal law." Anilao v. Spota, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011) (internal quotation marks and citation omitted)). Alternatively, to show that there was a conspiracy between a private actor and the state or its agents, a plaintiff must provide evidence of "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act in furtherance of that goal causing damages." Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002)). These two methods of demonstrating state action -- "joint action" and "conspiracy with" -- are "intertwined" and overlap in significant respects. Harrison v. New York, 95 F. Supp. 3d 293, 322 (E.D.N.Y. 2015) (internal quotation marks and citation omitted).

Here, Plaintiff's Section 1983 claim against Christine is implausible because she is not alleged to be a state actor. Nor has Plaintiff alleged any facts from which the Court could reasonably construe a plausible Section 1983 conspiracy or joint actor claim. Thus, Plaintiff's Section 1983 claim against Christine is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

**D.  State Law Negligence Claim**

The Court declines to exercise supplemental jurisdiction over any state law claims, including negligence, given the dismissal of Plaintiff's federal claim. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."). Any state law claims Plaintiff seeks to raise are dismissed without prejudice.

### III. Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, given that the deficiency in Plaintiff's claim is substantive and would not be cured by amendment, leave to amend would be futile. Accordingly leave to amend the complaint is denied.

### IV. CONCLUSION

For the forgoing reasons, Plaintiff's federal claim is dismissed with prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Any state law claims Plaintiff seeks to raise, including negligence, are dismissed without prejudice. The Clerk of the Court is directed to: (1) mail a copy of this Order to the Plaintiff at his address of record, (2) enter judgment, and (3) close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**                          ____/s/ (JMA)_____
                                                                Joan M. Azrack
Dated:    September 8, 2021                   United States District Judge
           Central Islip, New York